Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LA COMISIÓN DE LOS PUERTOS DE MAYAGÜEZ<br><br>Recurrido<br><br>v.<br><br>JOSÉ GONZALEZ FREYRE, SU ESPOSA, FULANA DE TAL Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS; FRANK HACE, SU ESPOSA SUTANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, SARIMILA MÉNDEZ, SU ESPOSO FULANO DE TAL Y LA SOCIEDAD LEGAL E GANANCIALES COMPUESTA POR AMBOS; ALBERTO FERNÁNDEZ GONZÁLEZ, SU ESPOSA MENGANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; EDUARDO FERNÁNDEZ GONZÁLEZ, SU ESPOSA PERENSEJA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; TROFIMA CORPORATION; INVERSIONES POTOSÍ, INC.<br><br>Peticionarios | KLCE202400570 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2019CV01985<br><br>Sobre: ACCIÓN POR FRAUDE DE ACREEDORES BAJO EL ART. 1249 DEL CÓDIGO CIVIL, ACCIÓN RESCISORIA BAJO EL ART. 1243 DEL CÓDIGO CIVIL; RESPONSABILIDAD POR DAÑOS Y PERJUICIOS CONTRA ADQUIRENTE DE MALA FE BAJO EL ART. 1250 DEL CÓDIGO CIVIL: NULIDAD DE REDUCCIÓN DE CAPITAL EN VIOLACIÓN A LOS ARTS. 5.14 Y 8.04 DE LA LEY GENERAL DE CORPORACIONES DE PUERTO RICO DE 2009; RESPONSABILIDAD DE DIRECTORES DE LA CORPORACIÓN BAJO EL ART. 5.22 DE LA LEY GENERAL DE CORPORACIONES DE PUERTO RICO DE 2009; Y ACCIÓN CONTRA OFICIALES, DIRECTORES Y ACCIONISTAS DE LA CORPORACIÓN POR SENTENCIA INSATISFECHA BAJO EL ART. 12.04 DE LA LEY DE CORPORACIONES |

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, a 28 de junio de 2024.

Número Identificador

RES2024 _____

Comparecen ante *nos,* José González Freyre (González Freyre) y otros (en conjunto, los peticionarios) mediante una *Petición de Certiorari.* Nos solicitan la revocación de una *Resolución* emitida el 14 de marzo de 2024 y notificada el 15 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una *Moción de Desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil, presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

**I.**

El 17 de abril de 2019, la Comisión de los Puertos de Mayagüez (Comisión o recurrida) instó una *Demanda* en fraude de acreedores contra los peticionarios.[1] En ajustada síntesis, alegó que contrató a Holland Group Port Investment Inc. (Holland), cuyo presidente era el señor González Freyre, para la operación de los negocios portuarios. Sin embargo, arguyó que la mencionada corporación transfirió $3,000,000.00 a Inversiones Potosí, Inc. (Inversiones Potosí) y $1,000,000.00 a Trofima Corporation (Trofima). Según la Comisión, tal actuación ocasionó la insolvencia de Holland. Por lo anterior, solicitó la redención de las ochocientas (800) acciones de Holland más $259,093.23 por los daños derivados del incumplimiento contractual.

Luego de una serie de incidencias procesales, los peticionarios presentaron una *Solicitud Conjunta de Desestimación por Cosa*

---

[1] En particular, identificamos que la Comisión presentó cinco causas de acción, a saber: (1) acción por fraude de acreedores bajo el Artículo 1243 y responsabilidad por daños y perjuicios contra adquirientes de mala fe bajo el Artículo 1250 del Código Civil (1930); (2) nulidad de reducción de capital en violación a los artículos 5.14 y 8.04 de la Ley General de Corporaciones de Puerto Rico (2009) y devolución de los fondos distribuidos a los accionistas por la compra de las acciones preferidas; (3) responsabilidad de directores de la corporación bajo el Artículo 5.22 de la Ley General de Corporaciones de Puerto Rico (2009); (4) acción contra oficiales, directores o accionistas de Holland para exigir la sentencia insatisfecha contra la corporación; y (5) acción en daños y perjuicios por el incumplimiento contractual de Holland.

*Juzgada, Falta de Legitimación Activa y Falta de Parte Indispensable.*
En esencia, argumentaron que el Tribunal de Quiebras atendió la controversia vinculada a la redención. Señalaron que dicho litigio terminó mediante una estipulación de una transacción monetaria. En respuesta, la Comisión sometió su *Oposición a "Solicitud Conjunta de Desestimación por Cosa Juzgada, Falta de Legitimación Activa y Falta de Parte Indispensable".* En específico, indicó que la causa de acción del Síndico de Quiebras se dirigió solo contra el señor González Freyre como dueño de las acciones en controversia. Añadió que el referido Síndico tampoco incluyó en el pleito a las Trofima e Inversiones Potosí para reclamar los daños de Holland producto del fraude de acreedores.

Evaluados tales argumentos, 12 de diciembre de 2019, el TPI emitió *Sentencia,* notificada al día siguiente, en la cual declaró *Ha Lugar* la desestimación solicitada por los peticionarios bajo el fundamento de cosa juzgada. Eventualmente, este Tribunal de Apelaciones confirmó el dictamen desestimatorio en la *Sentencia* correspondiente a la designación alfanumérica KLAN202000355. No obstante, el 15 de febrero de 2023, Tribunal Supremo de Puerto Rico revocó la referida determinación mediante la *Opinión* y *Sentencia* recogida en *La Comisión de los Puertos de Mayagüez v. González Freyre,* 211 DPR 579 (2023). En lo pertinente, esbozó el siguiente pronunciamiento:

> [r]ecalcamos que, precisamente, la Comisión objetó la estipulación porque no se consideró que como acreedora estaba adecuadamente representada por el Síndico. En esa etapa se denota claramente que los intereses entre estos se tornaron conflictivos. Evidentemente, además de la divergencia entre estos, el Síndico entendía que en el pleito adversativo actuaba en representación del caudal y no de la Comisión.
>
> En atención a lo anterior, resolvemos que no se configuró la existencia de identidad de partes o *privity* por ningunas de las limitadas circunstancias reconocidas en Taylor, supra, para la aplicación del *nonparty preclusion.* Por lo tanto, ante la ausencia de *privity* entre el Síndico en el procedimiento

adversativo y la Comisión con la presente causa de acción, no aplica la doctrina de *res judicata*.

Para la aplicación de la norma de cosa juzgada en casos como el presente, se requiere que los tribunales seamos puntillosos al momento de aplicar el estándar de revisión de la moción de desestimación. Todo lo señalado nos lleva a concluir que los foros *a quo* erraron, pues no procedía la desestimación de la causa de acción contra el señor González Freyre y, en consecuencia, contra el resto de los directores, oficiales y accionistas de Holland.

Así dictaminado, prosiguió el trámite ordinario del caso. Consecuentemente, el 30 de noviembre de 2023, los peticionarios presentaron una segunda *Moción de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil*. En esta, sostuvieron que la Comisión a pesar de tener la información concerniente, no instó la acción rescisoria dentro del término de cuatro (4) años, por lo que caducó dicho reclamo. A su vez, alegaron que debió presentar el pleito contra los oficiales, los accionistas y los directores dentro del término de tres (3) años a partir de la *Sentencia* emitida en 2014 contra Holland de conformidad al Artículo 12.4 de la Ley de Corporaciones (2009). En respuesta, la Comisión adujo que la acción en fraude no caducó porque se presentó dentro del término de cuatro (4) años, el cual quedó suspendido con la acción presentada por el Síndico de Quiebras. Asimismo, expusieron que tampoco prescribieron las demás acciones, pues estas quedaron suspendidas por el reclamo ante el Tribunal de Quiebras.

Tras examinar los argumentos de las partes, el 14 de marzo de 2024, el foro primario emitió una *Resolución*, notificada al día siguiente, en la cual resolvió que *NO SE CONCEDE* la solicitud de desestimación. En la referida determinación, emitió el siguiente razonamiento jurídico:

[e]n cuanto a las alegaciones sobre rescisión de contratos, establecemos que en Puerto Rico la doctrina es bastante clara, el término de cuatro (4) años es uno prescriptivo no de caducidad. Aunque, la doctrina en España reconoce que el término para una acción pauliana es uno de caducidad, en Puerto Rico, al parecer, el legislador entendió que no debía resolverse de esta manera. Así, no solo el título de dicho artículo expresamente señala qué es un término prescriptivo,

sino que también los tratadistas entienden en Puerto Rico que el término es de prescripción.

La doctrina sobre rescisión de contratos no requiere un tipo de contrato específico, solo que exista un acuerdo (contrato) entre el deudor y un tercero que menoscabe las obligaciones del acreedor y que tanto el deudor como el tercero conozcan este o deban conocer este menoscabo.

Sobre la prescripción de las acciones, según la Ley General de Corporaciones de 2009 y la Ley de Corporaciones de 1995, queda claro que las acciones con un término prescriptivo de seis (6) años son las que se refieren al menoscabo de "usar fondos o bienes con el objeto de adquirir sus propias acciones de capital corporativo, cuando el capital de la corporación se haya menoscabado o dicho uso resulte en el menoscabo del capital corporativo," como el que se alega en el presente caso. Dicho término, es independiente al término de tres (3) años sobre los demás tipos de acción que surgen en la Ley General de Corporaciones.

Oportunamente, los peticionarios presentaron una *Moción de Reconsideración*. En esta ocasión, argumentaron que el derecho de quiebras establece que una vez acontece una liquidación, todas las causas de acción dejan de existir permanentemente. Por su parte, la Comisión sometió su *Oposición a "Moción de Reconsideración"*. En esta, sostuvo que los codemandados intentan aplicar la doctrina de cosa juzgada disfrazada del argumento de "inexistencia de causa de acción" en contravención al precedente adoptado en *La Comisión de los Puertos de Mayagüez v. González Freyre et al, supra*. Luego de examinar sus planteamientos, el 23 de abril de 2024, el foro *a quo* emitió una *Resolución* en la cual dictaminó *No Ha Lugar* la reconsideración peticionada por los peticionarios.

Inconforme con tal determinación, el 23 de mayo de 2024, la parte peticionaria acudió ante *nos* mediante una *Petición de Certiorari*. En dicho recurso, señala la comisión de los siguientes errores:

Erró el TPI al no desestimar la Demanda por ser aplicable la defensa de caducidad.

Erró el TPI al no adjudicar el planteamiento de los Peticionarios y desestimar la Demanda basado en la inexistencia de causa de acción de fraude de acreedores por razón de que el Síndico en la Quiebra de Holland ejerció la causa de acción planteada por la Comisión en

la Demanda, y la misma se extinguió por virtud del derecho federal de Quiebras.

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 4 de junio de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 25 de junio de 2024, la parte recurrida presentó su *Alegato en Oposición a Petición de Certiorari*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra*. Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los

tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

   A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

   B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

   C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

   D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

   E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

   F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

   G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* de epígrafe, a la luz de la *Resolución* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar cuidadosamente el trámite procesal del caso y, específicamente, la *Moción de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil* y la *Resolución* recurrida, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso de autos, el foro primario evaluó la solicitud de desestimación que presentó la parte peticionaria y la correspondiente oposición y, luego de un extenso análisis, no concedió la desestimación de la *Demanda* al amparo de la Regla 10.2(5) de Procedimiento Civil. Con tal proceder, el foro *a quo* actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

Así pues, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* solicitado. Devolvemos el asunto al foro de origen para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones